STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSEPH F. GLEDHILL, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 10, 1974—Decided June 26, 1974.

Before Judges LEONARD, ALLCORN and CRAHAY.

*Mr. Ronald B. Sokalski,* designated counsel, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Solomon Rosengarten,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. George F. Kugler, Jr.,* former Attorney General of New Jersey).

PER CURIAM. Defendant was charged in one indictment (#29–71) with possessing a stolen Bank Americard, in vio-

lation of *N. J. S. A.* 2A:111–42(b). He was also charged, in 18 separate indictments, with uttering a forged credit card with intent to defraud, in violation of *N. J. S. A.* 2A:109–1 (uttering forged instruments generally) on 18 separate occasions during the period of June 30 to July 24, 1971.

Following a jury trial defendant was convicted on all indictments. He was sentenced to a one-year State Prison term on the possession charge. He was also sentenced on each of the 18 remaining indictments to various concurrent and consecutive terms which resulted in a total sentence on all indictments of 3 to 6 years in State Prison.

In appealing from the 19 judgments of conviction and from the trial court's denial of his motion for a new trial, defendant first contends that the judgments of conviction entered upon the 18 indictments for uttering a forged instrument and the sentences imposed thereon were illegal because he was improperly indicted under *N. J. S. A.* 2A:109–1 when the criminal acts were specifically covered by *N. J. S. A.* 2A:111–43 and the consecutive sentences imposed were not authorized by *N. J. S. A.* 2A:111–49.

At the trial below, before the openings of counsel or the presentation of witnesses, defense counsel moved for a dismissal of these 18 indictments on the same ground as now urged. The court denied the motion, holding that the prosecutor had full discretion to decide whether to proceed under one statute or the other.

██ Defendant argues that by enacting *N. J. S. A.* 2A:111–43 the Legislature intended that the misuse of a credit card on any number of occasions during a given six-month period should be considered as one indictable offense which would constitute a misdemeanor or high misdemeanor, under *N. J. S. A.* 2A:111–49, depending upon whether the value of the money, goods or services involved was under or over $500. We agree and are of the view that one who illegally uses a forged credit card must be prosecuted exclusively under

*N. J. S. A.* 2A:111–42 *et seq.* See *State v. Johnson,* 115 *N. J. Super.* 6 (App. Div. 1971). Thereunder, all separate illegal uses of such a card during any six-month period constitute one offense and they cannot be fractionalized so as to turn them into multiple offenses and punishment. *State v. Tillem,* 127 *N. J. Super.* 421, 427–430 (App. Div. 1974).

However, in so concluding, we do not concur with defendant's present contention that the trial court erroneously failed to dismiss these 18 indictments and that we should now reverse all the convictions and vacate the sentences imposed.

The trial judge, rather than denying defendant's motion in its entirety, should have ordered a consolidation or merger of these indictments into one indictment charging a single violation under *N. J. S. A.* 2A:111–43. Defendant would not have been harmed or prejudiced thereby since the evidence presented to the grand jury, the proofs at the trial and the procedure followed would all have been the same whether the indictment was sought and prosecuted individually under one statute or jointly under the other. *State v. Bott,* 53 *N. J.* 391, 402–403 (1969). Such a course of procedure would have been beneficial to defendant in that it would have prevented the multiple prosecutions and punishments of which he presently complains.

However, at this stage of the proceedings we are of the opinion that, rather than consolidating or merging the 18 separate convictions and the indictments upon which they are founded, justice will be best served by moulding the judgment of conviction solely under indictment #30–71 and amending that one indictment so that the record discloses a conviction and charge under *N. J. S. A.* 2A:111–43, subject, however, only to the penalties set forth in *N. J. S. A.* 2A:111–49(a). Accordingly, the judgment of conviction under said indictment, as moulded, is affirmed, but the two to four-year State Prison sentence heretofore imposed thereon is vacated and set aside. Further, the matter is remanded to the trial

court for the imposition of a new sentence consistent herewith. The 17 remaining convictions for uttering a forged instrument under *N. J. S. A.* 2A:109–1 are reversed and the sentences imposed thereon are set aside.

Defendant next claims that his conviction of the offense of possession of a stolen credit card with intent to use the same merges with the greater offense of uttering a forged credit card. This claim lacks merit. See *State v. Booker*, 86 *N. J. Super.* 175, 177–178 (App. Div. 1965). However, as we have previously noted, the trial court sentenced defendant to a one-year State Prison term upon his conviction of the possession charge.

*N. J. S. A.* 2A:111–49(a) was amended (L. 1969, c. 299, § 1, eff. January 16, 1970) to provide that a person who is subject to the penalties thereof "shall be punished by a fine of not more than $1000.00 or imprisoned not more than 3 years or both." A one-year State Prison sentence is illegal, *State v. Janiec*, 25 *N. J. Super.* 197 (App. Div. 1953), since all sentences to that institution must be for a maximum and minimum term. *N. J. S. A.* 2A:164–17. Therefore, the one-year sentence previously imposed is vacated and the matter is remanded to the trial court for the imposition of a legal sentence. Upon resentencing, the trial court, in the exercise of its discretion, may replace the illegal sentence with a legal sentence of greater severity. *State v. Weeks*, 6 *N. J. Super.* 395, 399 (App. Div. 1950). See also *State v. Fisher*, 115 *N. J. Super.* 373, 379 (App. Div. 1971).

Defendant contends that the trial court erroneously:

(1) denied his motions for mistrial based upon (a) the failure of the State to comply with the order for discovery and (b) the statement by a State's witness that a total of $5,404.34 had been improperly charged to the credit card;

(2) allowed a detective to testify as an expert witness;

(3) barred a State's witness from stating his opinion as to whether more than one person was involved with the misuse of the the credit card;

(4) denied defendant's motion for judgment of acquittal;

(5) allowed copies of the Bank Americard sales receipts into evidence;

(6)   allowed in-court identifications of the defendant;
(7)   denied his motion for a new trial pursuant to *R.* 3:20–1.

He also asserts the trial court committed plain error in failing to properly charge the jury on the evaluation of an expert witness. We have considered all of these contentions and find them to be without merit.

The judgments of conviction upon indictment No. 30–71, as amended, and upon indictment No. 29–71 are affirmed; the sentences imposed thereon are vacated and the matter is remanded to the trial court for the imposition of new sentences upon each of these convictions. All remaining judgments of conviction are reversed and the sentences imposed thereon are vacated. We do not retain jurisdiction.